Jackson
v.
Town

JACKSON, *ex dem.* STEWART, *against* TOWN.

EJECTMENT for 60 acres of land in Cherry Valley, Otsego county, tried at the December circuit for that county, 1824.

On the trial, the plaintiff proved that Eleanor Town, the mother of the defendant, had been in possession of the premises in question, claiming them as her own, and exercising acts of *ownership* over them, till November 1st, 1820, when she removed off them. The defendant moved on, in April or May, 1824. It did not appear who had possession in the intermediate time.

The plaintiff then proved, that one Darly recovered judgment in slander, against Eleanor Town, (for words spoken in May, 1822,) at the February term of the Otsego C. P. 1823, then docketed, for $90 damages and costs; and that under an execution issued upon this judgment, the premises in question were sold to the lessor of the plaintiff, the attorney of Darly, and the sale accompanied with the usual certificate, on the 7th May, 1823; that on the 9th August, 1824, the sheriff executed a conveyance, to the lessor, which was duly acknowledged and recorded. The defendant

To recover in ejectment under a purchase at sheriff's sale, on a judgment against a party not in possession, the plaintiff must prove against the one found in possession, that the party against whom the judgment was rendered, had some right, title, or interest in the premises sold. And it was held not enough to show that such party held adversely for less than 20 years, but abandoned the premises before judgment,

to which she never returned; though a few months after abandoning, she conveyed to the defendant in the ejectment, who afterwards entered under the conveyance.

An equitable or legal seisin must be shown, on which a judgment can attach, and be a lien, in order to warrant a sale of real estate under it.

Where the party against whom the judgment is recovered, is the actual possessor, this is sufficient of itself; for actual possession is *prima facie* evidence of title; and he cannot show title in another.

If one convey, before judgment against him, the land conveyed cannot be sold under the judgment; and the law will intend such conveyance to be *bona fide*, and for valuable consideration, till the contrary is shown.

Even if the deed be founded on natural love and affection, it will not be void within the 13 Eliz. as against creditors, if it be not shown that the grantor was indebted to such a degree, that the settlement will deprive the creditors of an ample fund for payment of their demands.

And a deed upon such a consideration is good within the 27 Eliz. as against subsequent purchasers.

But not in either case, if a fraudulent use be made of it.

The registry acts are not confined in their operation to subsequent *immediate* purchasers from the same grantor; but one purchasing *mediately* from him, e. g. under a judgment, is protected.

The registry acts are remedial, and should be liberally and beneficially construed.

But the purchaser is not protected by these acts, unless the grantor, *mediate* or *immediate*, had some interest which could pass by the prior recorded deed under which the purchaser claims the protection of the acts.

then gave in evidence, a deed in fee of the premises in question, from Eleanor Town, to the defendant, who is her daughter, dated March 30th, 1821, for a money considera tion, a part of which it was proved, had been paid. The defendant was then 19 years of age. It did not appear that the lessor, when he purchased under the execution, had any notice of the deed; and it had never been recorded.

*A. Stewart,* for the plaintiff, contended that Otsego being a recording county, (1 R. L. 370, s. 4,) and the defendant's deed not being recorded, it was void against a *bona fide* purchaser at sheriff's sale. (*Jackson* v. *Terry,* 13 John. Rep. 471. *Jackson* v. *Dubois,* 4 id. 222.) As to such purchaser, nothing passed from Eleanor Town to the defendant.

*I. Seelye,* for the defendant. The plaintiff did not prove enough to entitle him to recover. Eleanor Town abandoned the premises in 1820, and never returned to them. She had possession before, and claimed title; but this was not an interest upon which a judgment in 1823 would attach.

A purchaser at sheriff's sale cannot, at any rate, by having his deed of land, on which the judgment never attached, first recorded, acquire a title against one who purchased before the judgment. The judgment debtor must be seised at the time of docketing the judgment, or at some time afterwards. A purchaser at sheriff's sale, under a judgment which is not a lien, is not a *bona fide* purchaser within the recording act. A grantee in fee is not obliged to record his deed to guard against the effect of a subsequent judgment docketed; or as against any person other than the original grantor. (2 Bin. 502. 15 John. Rep. 262.) One is bound to record only as against subsequent mortgages, or *bona fide* purchases *from the grantor.* This has virtually, I think, though not directly, been decided by the Court. (4 John. Rep. 216.)

The plaintiff was the attorney of Darly in the slander suit; and cannot be considered a *bona fide* purchaser. (3 John. Ch. Rep. 147, 344. 15 John. Rep. 262.)

A judgment creditor is not a purchaser, within the meaning of the registry acts. (4 Cruise, Dig. 343, ch. 21, s. 2. 2 P. Wms. 491. 1 Sch. & Lef. 160. 2 Bin. 497. Id. 502.)

*Curia*, per WOODWORTH, J. Eleanor Town, the mo-
ther of the defendant, was in possession of a farm, claimed
it as her own and exercised acts of ownership until Novem-
ber 1st, 1820, when she removed from the premises. Who
succeeded her does not appear. These facts constitute a
good adverse possession, during the time she occupied;
but the moment she removed, the continuity of the ad-
verse possession was broken, and, in judgment of law, the
possession was in him who had title. There is no evi-
dence of title in Eleanor Town, nor how long her adverse
possession continued. To derive any benefit from the lat-
ter, it must appear to have been for at least 20 years. That
not being pretended, the fact is not established, that she
ever had any right or title to the premises.

In February term, 1823, Darley recovered against her,
a judgment for words spoken in May, 1822; the premises
were sold on an execution issued on this judgment, and
the lessor, who was attorney for Darley, became the pur-
chaser. The certificate of sale is dated May 7, 1823. On
the 9th August, 1824, the land not being redeemed, the
sheriff executed a deed, which was recorded the day after.

The first question arising in this case is, does the evi-
dence introduced by the plaintiff entitle him to recover?
In my opinion it clearly does not. Whenever real estate
is sold under an execution, against a party not in posses-
sion, and the purchaser brings an action of ejectment against
the person found in possession, it cannot be questioned, that
the plaintiff is bound to prove on the trial, that the defen-
dant in the execution had some right, title or interest in
the premises sold.

The 1st section of the act, (1 R. L. 500,) declares, that
lands, tenements, and real estate may be sold, and the
judgment shall be a lien on the same. The form of the
execution would seem to imply a legal seisin, but cannot
control the declared intent of the legislature, which makes
every species of real estate liable to sale. When a statute
speaks of a seisin, an equitable may be as well intended,
as a legal one; the term is applicable to both. (1 Caines'
Cas. in Error, 66.) It is evident, then, that a seisin mus*

Jackson
v.
Town.

be shown upon which the judgment attached in order to recover the possession. Where the defendant in the execution is the possessor, it is of itself sufficient; for actual possession is *prima facie* evidence of a legal title. (2 Bl. Com. 196.) He cannot show title in another, for the plaintiff comes into exactly such estate as the debtor had; and if it was a tenancy, the plaintiff will be a tenant also, and estopped in a suit by the landlord from disputing his right, in the same manner as the original tenant. This was so held in *Jackson* v. *Graham*, (3 Caines, 188.)

There is, then, a failure on the part of the plaintiff to make out any right in Eleanor Town to the premises; and consequently, from his own showing, nothing passed by the sale.

If, however, the defendant has produced proof which sufficiently establishes the right of Eleanor Town, the plaintiff may avail himself of the evidence; for the judgment of the Court must be founded on the whole case.

The defendant gave in evidence, a deed from Eleanor Town, to Lydia Town, her daughter, the defendant, then 19 years of age, executed on the 30th March, 1821, for a money consideration, and proved that a part of the consideration had been paid. Does this additional fact remedy the defect in the plaintiff's proof? After an attentive consideration of its efficacy, I think it does not. Separating this act from every thing relating to the former possession of Eleanor Town, with which it does not appear to have any connection, it does not furnish evidence of any right in her at the time the conveyance was made. The case is silent as to the fact, in whom was the title vested; and as to possession, that had been abandoned several months previously. It does not appear that Eleanor Town had even a right of possession to transfer to the defendant. How, then, can it be said, that she took any thing under the deed? It purports to convey all the right, and, as against the grantor, would estop her from asserting a right to dispossess the defendant; but nothing more. Here, then, as it seems to me, is an insuperable difficulty in the plaintiff's way. His deed is necessarily inoperative, unless the judgment was a lien;

and that cannot be, unless there is a legal or equitable seisin. Eleanor Town not having either, nothing could pass by the sale to the plaintiff. It would be a perversion of the statute, authorizing the sale of lands, tenements or real estate, to adjudge that a case of this kind was within its provisions.

But there is another answer equally conclusive : if it be admitted, that at the date of the deed, Eleanor Town had seisin of the premises, then she parted with all her right and title, and the deed is valid, if not fraudulent and void against creditors and subsequent purchasers. There are no circumstances disclosed to establish fraud. It does not appear that the grantor was indebted at the time, and the deed was executed more than a year before the speaking of the words for which the damages were given. The deed was given for a money consideration, a part of which was paid. We cannot intend that the consideration was inadequate, or that the payment was not well secured. If it was intended to attack the transaction as fraudulent, on either of these grounds, proof of the facts ought, and probably would have been brought before the Court. In the absence of proof, it may be presumed the plaintiff rested on other grounds. We are to intend, on the facts before us, that the deed was *bona fide,* and for valuable consideration, and consequently valid against the claims of creditors and subsequent purchasers. In this view of the case, it becomes unnecessary to consider how far the law would protect the defendant, provided it had been a conceded point, that the mother made the deed to her daughter on the consideration of natural love and affection. In that case, it would unquestionably have been good against creditors, according to the construction given to the 13 Elizabeth, because it is free from the imputation of fraud. This question was very ably examined by Chief Justice Spencer in *Verplank* v. *Sterry,* (12 John. 536.) It was there held that to impeach a voluntary settlement, made on a meritorious consideration, it is necessary that the seller should not only be indebted, but should be insolvent, or in doubtful circumstances at the time ; that if the grantor be not indebted to such a degree, as that the settlement will deprive the cre-

UTICA,
Aug. 1825.

Jackson
v.
Town.

ditors of an ample fund for the payment of their debts; the consideration of natural love and affection will support the deed, although a voluntary one, against his creditors. The statutes 13 and 27 Eliz. contain the general proviso annexed to our statute, excepting from their operation those deeds only which are *bona fide*, and upon good consideration. The same learned Judge observed in the case referred to, that the deed from Arden to Mrs. Sterry had these two circumstances; it was *bona fide*, and it had a good consideration, that of love and natural affection; and was saved by the express proviso of the statute. I entirely subscribe to the doctrine, that neither a creditor under the 13th, nor a subsequent purchaser under the 27th Eliz. can impeach a conveyance *bona fide*, founded on natural love and affection, free from the imputation of fraud, and where the grantor had, independent of the property granted, an ample fund to satisfy his creditors; with this qualification, however, that if a fraudulent use is made of a settlement, it may be carried back to the time when the fraud commenced, as was held in *Doe* v. *Rutledge*, (Cowper, 713.) If the grantor continues in possession, and receives the rents and profits, or if there are other circumstances subsequently, calculated to deceive the subsequent purchaser, without doubt they would contaminate the deed; but without them it would be valid. If this view be correct, it follows, that had the deed in question been founded on love and affection merely, the plaintiff could not, on the facts before us, as a creditor or subsequent purchaser, have defeated its operation. *A fortiori*, he can not, when it is shown not to rest on a meritorious, but valuable consideration, and is not contaminated with fraud.

If, then, the deed has not been successfully assailed on this ground, by its legal operation all the right and title of Mrs Town was transferred to the defendant long before the judgment attached. After the 30th March, 1821, there was no interest remaining in her, that was the subject of sale. She had no lands, tenements or real estate within the meaning of the statute; and, consequently, there was nothing to give life or effect to a sheriff's deed, which solely derives its effi-

cacy, from the fact that the defendant in the execution had an interest liable to be sold.

But it is contended that a *bona fide* purchaser at a sheriff's sale, without notice of a prior deed not recorded, is protected by putting his deed on record. It is true that the deed to the defendant has not been recorded. I will briefly inquire whether that fact is material. It has been urged on the argument, that the statute is confined in its application to a purchaser from the same grantor. The words used in the act are, "any subsequent *bona fide* purchaser or mortgagee for valuable consideration." (1 R. L. 370.) The statute is remedial, and ought to be liberally construed. To say that the second deed must in all cases be given by the same grantor, is too limited a construction to remedy the evil the legislature had in view. The intent being to guard the fair subsequent purchaser against secret outstanding conveyances, why should not the statute apply, where the second deed was obtained *mediately* from the same grantor-as well as to cases where it was *immediately* given by him? If a defendant confesses a judgment, he thereby indirectly authorizes a sale, and the execution of a deed. If judgment is obtained against him, without a plea of confession, although it cannot be said that the defendant assented to the judgment and sale, yet they are founded on his delinquency. The non-payment of the debt due from the debtor, is the foundation of the judgment and sale. Whether willingly or unwillingly, the whole proceeds from the fault of the debtor, who is to be considered as the source from whence the purchaser derives his claim. It would, therefore, seem not to be a forced construction of the statute, to apply it to such cases. In either case, the reason for protecting the purchaser is the same. I therefore concur in the opinion expressed in *Jackson* v. *Dubois*, (4 John. 216,) and *Jackson* v. *Terry*, (13 John. 471.) In the first case, Mr. Justice Spencer observed, that a mortgage not registered, had a preference over a subsequent judgment docketed. But if the land should be sold by the sheriff, under the judgment, prior to the registry of the mortgage, a *bona fide* purchaser at the sheriff's sale would be protect-

ed against the mortgage. It was not necessary to the de-cision of that case, to lay down this doctrine; nevertheless, I think it correct for the reasons already given. The case in 13 John. expressly decides, that if after land has been sold on execution, and a conveyance made by the sheriff and before such conveyance is recorded, the former proprietor conveys it to a *bona fide* purchaser, for a valuable consideration, who has his deed first recorded, such subsequent purchaser will gain a priority. The doctrine in this case supports the proposition laid down in 4 John. It turned on priority of recording. Terry, the defendant, derived title under a judgment prior to the date of the deed from James Turner to the lessor of the plaintiff, and yet failed because his deed had not been first recorded. If a sheriff's deed is within the recording act, it seems to me clear, that the principle of this case, which entitled Merrit to recover on a junior title first recorded, would entitle a purchaser at sheriff's sale, whose deed was recorded, to a preference over a prior unregistered mortgage. I consider the law correctly laid down in both cases; but they do not decide the present question. In each of those cases, the defendant in the execution had an interest liable to be sold. In the first, Sammons was mortgagor, and had an interest upon which the judgment was a lien; in the second, the deed from Archibald Turner to James Turner was fraudulent and void as against creditors; consequently the judgment against Archibald became a lien, having been entered before James Turner made a *bona fide* sale to Merrit. These facts were essential, in order to maintain the proposition that a sheriff's deed is within the recording act. In the present case, Eleanor Town had no title, and the judgment was no lien. I cannot perceive that the plaintiff acquired any thing more than if the sheriff had sold and conveyed the same premises on an execution against John Doe or Richard Roe, who were utter strangers. A subsequent *bona fide* purchaser within the meaning of the act, must be one to whom the grantor in the first deed actually conveyed, or who did or suffered some act which, by the operation of law, authorized a sale and conveyance; and if

the deed was in consequence of a sale under a judgment, then that the property sold was a legitimate subject of such sale.

These principles decide the plaintiff's claim. Eleanor Town has not conveyed to the plaintiff, nor done any act authorizing a valid conveyance. There was no lien on the premises; and no authority was given by law to sell and convey. How liberal and extensive soever may be the construction of the statute, and giving full effect to the cases referred to, I think it demonstrable that the present case is not within the letter or spirit of the 4th section of the act concerning deeds, and consequently that the defendant is entitled to judgment.

Judgment for the defendant.