By the Court,
Grimes, Judge.
Two questions are apparently involved in the present inquiry : 1. Was there such an estate in the debtor as was liable to execution at the date of the levy ? 2. May the purchaser at sheriff’s sale avail himself of the benefit of the registry acts ? But in reality these two questions are resolvable into one. The execution and delivery of a deed do not always transfer the title of the grantor. The law has directed further, that such deed shall be * recorded within a limited time ; and if it is not, circumstances may arise which may prevent the estate from being vested in the grantee, and may enable it to be transferred to a subsequent purchaser without notice. I observe that the Supreme Court of New York have taken a different view of the law on this subject. In Jackson v. Town, 4 Cow. 599, it is supposed that if the judgment debtor has previously sold, that then the estate is not the legitimate subject of execution as against him ; that there was no interest on which the execution could operate, and, this-doctrine was approved in the subsequent case of Jackson v. Jacoby, 9 Cow. 120. But although thus confirmed, it was very near shaken in the case of Jackson v. Chamberlain, 8 Wend. 626, and in Jackson v. Post, 15 Wend. 588, it was entirely overruled. In this last decision, speaking of the case in 4 Cowen, it is said that the deed from the judgment debtor, was valid as between the parties and others having notice, but as against subsequent, bona fide purchasers it was void ; and it is added, that a deed from the sheriff would have the same force and effect as a quit claim deed from the debtor of the same date would have had.' Whether this last case is itself entirely free from exception, remains to be seen. There is undoubtedly a striking analogy between a deed taken immediately from a party, and one executed immediately by him, and through the intervention of the sheriff; but if the analogy is not perfect throughout, it may,-where the resemblance fails, cause a very different rule to be applied to the one from what would be applicable to the other.
*185 Our statute declares that the sheriff shall make to the purchaser, as ■good and sufficient a deed of conveyance for the lands and tenements so sold, as the person against whom the writ of execution was .issued, could have made for the same, at or any time after the lands became liable to the satisfaction of the judgment. It will be observed that the words are not, after the land became bound by the judgment, but after it became liable to the satisfaction of it. What might be the effect of this phraseology, where the lands lie in the same county as that where the judgment is rendered, and the deed from the judgment debtor is recorded after the judgment, but before the levy, it is unnecessary now to say. The lands in this instance lie in a different county, and were therefore in every sense of the words liable to execution at the date of the levy. It, might, perhaps, in the first case, he proper to consider the judgment as exerting its binding efficacy top to the period when the order of confirmation of the sheriff’s deed ^toas made, and that when that act was done, it superseded the judgment, as then no longer necessary to the title.
But it is entirely unnecessary to make this distinction here, since' the purchaser had paid the purchase money, the sale had been confirmed by the court, and the sheriff was directed to deliver a deed, all before the conveyance to the plaintiff was registered. The question then is, not what would be the effect of this last deed, if it had been recorded at any period after the judgment and before the sale, but what is its effect, where it is not recorded until after everything has been dono, with (ho single exception of the delivery of a deed. The various steps which are taken in order to perfect a title derived through a judicial sale, are very different from anything which takes place on a private sale from one individual to another. In the last ease, if any negotiation precedes the execution of the deed, it is a matter in pais Only, while in the latter every ceremony which is performed is either matter of record or of public notoriety. Now it appears to rae, it is not going too far to say, that if a purchaser neglects to record his deed before a sale by the sheriff, the payment of the whole purchase money, and a confirmation of the sale by the court, that it is too late for him to say that the purchaser under this sale is not a bona fide purchaser; it would be nearer correct to say that he himself was a purchaser with notice, and that his deed should be postponed for want of being registered in time. It is a circumstance too of some importance, that the purchaser at sheriff’s sale could not recover back the purchase money, if there was a failure of title. He is compelled to take a deed with *186 out warranty, whereas the purchaser from an individual can always guard himself against a contingency of that kind.
The plaintiff contends, that inasmuch as his deed was recorded before the execution and delivery of a deed by the sheriff, that the common principle of law, that notice received any time before the convey-.nee, is well as before the payment of the purchase money, has a direct application, and that its effect is, to put aside the title of the defendant ; and this would undoubtedly be true, as I before said, if the analogy between a sheriff’s deed and a deed from a private individual was perfect throughout. It is a very common error, where there is a general resemblance between two things, so as to subject them, in some-measure, to one common law, to suppose that this law is of universal applicability, and that it furnishes the governing rule where the resemblance fails as well as where it is preserved. The various steps of the process through which a judicial sale is perfected, are something 'very different from what takes place in a private sale ; and * this is the true foundation of the doctrine of relation, as applied to a sheriff’s deed. It is not merely because something has been previously done similar to a private negotiation between individuals, it is because something importing the greatest solemnity, has intervened between the levy of the execution and the actual delivery of the deed. In the former case there might be infinite mischief if the deed related back. In the latter there would be no danger at all. And thus in Jackson v. Dickerson, 15 Johns. 309, land was sold at sheriff’s sale on the 1st of March, and the sheriff’s deed executed on the 18th. On the 10th of the same month a bill in chancery was filed by a mortgagee to foreclose, to which the purchaser at sheriff’s sale was not made a party. It was decided that he was not bound by the decree for he was in by relation, from the day of sale. The reason which is sometimes given for this doctrine of relation, is, that where a purchaser takes by the execution of a power, he is in and holds under the authority creating the power. Jackson v. Bull, 1 Johns. Ca. 81, is not very satisfactory. It would carry the principle infinitely farther than we-would be authorized to do. It is much more reasonable in the present instance to say that where a person has purchased at sheriff’s sale, has. paid the whole consideration money, obtained a confirmation of the sale, and an order for a deed, that these steps not only constitute so-many acts of public notoriety, but that they also contribute so completely to identify the land and consummate the sale, that he uhose title is perfect up to this period, shall not be disturbed in consequence; *187 of the registry of another deed, before his own is actually delivered that he is in truth a purchaser without notice, and that the registry of the other deed before he receives his own conveyance, which would be a circumstance of the greatest importance, if both deeds were-private conveyances, is in reality of no moment in his ease.
I do not think it necessary to enquire whether the proceedings may be considered in fieri after the last- act of the court has been performed, and whether the purchaser might, on motion, succeed in having the-sale set aside and the purchase money returned. The plaintiff has-been guilty of such gross neglect, that he has no right to call upon the defendant’s grantor to take that position, and in numberless instances, the whole mischief would he perpetrated before this remedy could he employed.
The conclusion at which wc have arrived is, that inasmuch as the deed from Samuel to Uriah Scribner was not recorded until after the-levy, sale, confirmation by the court, and the payment of the purchase money by Townsend, that the delivery of a deed is consequent on *these proceedings, was a mere formal act, and that the title of the defendant therefore takes precedence of that of the plaintiff.
The cause has been very ably argued by the counsel on both sides, and I feel greatly indebted to them for the light which their researches have afforded in the investigation.
Judgment for defendants.