(20 Misc. Rep. 498.)

GOFF v. ALEXANDER et al.

(Supreme Court, Special Term, Orleans County. June 16, 1897.)

FRAUDULENT CONVEYANCES—TRANSFER IN PAYMENT OF DEBT.
    A conveyance in payment of a bona fide debt will not be set aside as in
    fraud of the grantor's other creditors, though the grantor owned no other
    property.

Action by Albert C. Goff, as executor, against Mary J. Alexander
and Emma L. Ames.   Judgment for defendants.

Thomas A. Kirby, for plaintiff.
Filkins & Coe, for defendants.

WOODWARD, J.   This is an action brought by Albert C. Goff,
as executor of the estate of Hiram S. Goff, deceased, to set aside
the transfer of certain real estate in the town of Ridgeway, Orleans
county, by Mary J. Alexander to Emma L. Ames, on the ground that
the said transfer was fraudulently entered into for the purpose of
preventing the plaintiff from collecting a judgment against the de-
fendant Alexander, amounting to $254.31.   The facts established by
this evidence are that some time prior to the year 1884 one Robert
Mills died in the town of Ridgeway, Orleans county, and that at
the time of his death he was the owner of a farm in the said town,
consisting of about 59 acres of land, on which there was a mortgage,
amounting at the time of the beginning of this action to about $509.
Mr. Mills was survived by his widow, and by his daughter, Mary J.
Alexander, who has three children living.   He left a last will and
testament, by which he bequeathed to his widow the use of the farm
during her life, and after her death the sum of $400 payable to Mary
J. Alexander and $200 to each of her three children.   Emma L. Ames
was one of the daughters of the said Mary J. Alexander, and she was
about to be married to Simeon C. Ames.   Ada Alexander, another
daughter of Mary J. Alexander, was at this time aged about seven
years, and on the marriage of the daughter Emma it became neces-
sary to make a change in the household arrangements, and it was
agreed that Ada should be taken into the home of Emma Ames,
and maintained until she should be old enough to provide for her own
support, for which Mrs. Ames was to be paid $100 per annum by
Mary J. Alexander.   Pursuant to this arrangement, the said Ada
Alexander did enter the home of the said Emma Ames, one of the
defendants in this action, remaining until after she was 16 years
of age, and up to the time of the beginning of this action.   On the
13th day of July, 1896, the said Mary J. Alexander conveyed by deed
all of her interest in said premises to the said Emma L. Ames, in
consideration of the care and maintenance of the said Ada Alexan-
der.   On the 10th day of June, 1884, one Hiram S. Goff obtained a
judgment against the said Mary J. Alexander for the sum of $254.31,
damages and costs, which was duly docketed in the clerk's office in
the county of Orleans, and an execution was issued, which was re-
turned wholly unsatisfied.   Subsequently the said Hiram S. Goff
died, leaving a last will and testament, which was duly admitted to

probate, in which the plaintiff in this action was appointed executor of the said will and testament. On the 11th day of July, 1896, an execution was issued by one T. A. Kirby, an attorney and counselor at law in this state, and it was issued in the name of the said executor against the said Mary J. Alexander, and upon said judgment. This execution was returned by the sheriff wholly unsatisfied prior to the beginning of this action, and the said judgment has not in any manner been renewed, as required by section 1252 of the Code of Civil Procedure.

The plaintiff demands judgment "decreeing the deed herein described as null and void," and "adjudging the judgment herein described to be a lien upon the said real estate." In support of this demand the plaintiff, through his attorney, contends that the transfer, following immediately upon the issuing of the second execution in July, 1896, was fraudulently made, and for the purpose of defeating or delaying the collection of the debt owed to the plaintiff by the defendant. As bearing upon this point the learned counsel cites Babcock v. Eckler, 24 N. Y. 632, and quotes as follows:

"If the necessary consequence of a conceded transaction was the defrauding of another, then a party must be presumed to have foreseen and intended the necessary consequences of his own act. The transaction itself is conclusive evidence of fraudulent intent, for a party cannot be permitted to say that he did not intend the necessary consequences of his own act."

In a like strain are the quotations from Rice on Evidence and Bump on Fraudulent Conveyances, but none of these authorities deal with the case as it is presented in this action. The fact that Mrs. Ames accepted from Mrs. Alexander a transfer of property in discharge of an obligation does not operate to defraud the plaintiff any more than the sale of the same property under the execution would operate to defraud Mrs. Ames. It simply operated to exhaust the means of Mrs. Alexander to pay all of her debts. Mrs. Ames, it is conceded, had cared for and maintained the infant daughter of Mrs. Alexander for a period of several years. This care and maintenance would undoubtedly entitle the defendant Mrs. Ames to compensation, even in the absence of a contract; and certainly this court cannot presume to set aside a transfer of property in pursuance of an agreement specifically entered into, and the terms of which had already been carried out on the part of the defendant Mrs. Ames. Had the learned counselor of this court read the case of Babcock v. Eckler with the purpose of solely guiding aright its decision, he would have continued the clause which he quotes, as did the court. It says:

"Intent or intention is an operation or emotion of the mind, and can usually be shown only by acts or declarations, and, as acts speak louder than words, if a party does an act which must defraud another, his declaration that he did not by the act intend to defraud is weighed down by the evidence of his own act. But in such a case it is not proper to say that there is a presumption or conclusion of law that the transaction is fraudulent; but it is proper to say that the circumstances of the transaction, or the transaction itself, is conclusive evidence of fraud."

The same court, in discussing the contention of Chancellor Kent in the case of Reade v. Livingston, 3 Johns. Ch. 500, 501, that a vol-

untary conveyance was presumed to be fraudulent as against all existing debts, without regard to their amount, and other similar rulings, says:

"A different doctrine was held in Jackson v. Town, 4 Cow. 599, and by Judge Spencer in Verplank v. Sterry, 12 Johns. 556, though perhaps not decided in the case. In this case Judge Spencer said: 'If the grantor be not indebted to such a degree as that the settlement will deprive the creditors of an ample fund for the payment of their debts, the consideration of natural love and affection will support the deed, though voluntary, against his creditors; for, in the language of the decisions, it is free from the imputation of fraud.' In Seward v. Jackson, 8 Cow. 406, it was held by the court of errors that a conveyance or settlement in consideration of blood and natural affection, though by one indebted at the time, was prima facie only, and not conclusively, fraudulent. Subsequently, by section 4 of title 3 of chapter 7, pt. 2, p. 145, of the Revised Statutes, it was declared that the question of fraudulent intent in all cases arising under the provisions of that chapter should be deemed a question of fact; and that no conveyance or charge should be adjudged fraudulent as against purchaser or creditors solely on the ground that it was not founded on a valuable consideration. The question in this case arises under the provisions of this chapter of the Revised Statutes which treats of 'fraudulent conveyances and contracts relative to goods and chattels and things in action.' No decision or series of decisions, then, can make the question of fraud in this case a question of law, or establish that there is a legal presumption of fraud from the facts and circumstances found by the referee; for the statute declares that the question of fraud shall be deemed a question of fact, and by declaring it to be a question of fact in effect declares that there is no such legal presumption. No decision or series of decisions can repeal a statute. The statute substantially declares, and was intended to declare, the doctrine held in Seward v. Jackson."

### Continuing, the court says:

"The question really is and must be in such cases, considering the amount of debts and value or amount of property retained, and all the other circumstances of the case, is the conveyance or transfer fraudulent? * * * The view I have taken of this question," continues the court, "has been the most favorable for the respondents, for I have assumed the transfer of the property to Mrs. Eckler, in 1855, to have been voluntary; but I am inclined to think that, on the facts found by the referee, Mrs. Eckler in equity would have been deemed a creditor of her husband to the amount of $3,500."

In the case now under consideration the transfer was not "voluntary," in the sense that this word is used by Chancellor Kent. It was made in discharge of an obligation which might have been enforced at law. It could not, therefore, come under his harsh rule of presumption, while in the decision of the court in the case relied upon by counsel for the plaintiff it is clearly asserted that no such presumption can exist. The case rests, therefore, upon the testimony of Guy Merrill that "I think she has asked me at different times if there was any way of her dodging the judgment." He is not certain of this. At no point does he state anything positively that Mrs. Alexander has said to him in reference to the question; and, even if we are to concede that she has made inquiries, it is not inconsistent with the idea that she was actuated by a desire to save her property for the purpose of discharging the obligation which she owed to her daughter, rather than from a desire to defraud the plaintiff in this action.

Whether the second execution, issued after a lapse of more than 10 years from the filing of judgment, was adequate to exhaust the remedy at law, or whether this question was sufficiently raised in the

proceedings before this court, it is not necessary to inquire at this time. The facts involved are sufficiently clear to show that the transfer of this property was made in good faith, in the discharge of a valid obligation; and the demand of the plaintiff for judgment is denied, and a judgment in favor of the defendants, with the costs of this action, is ordered.