## Jackson ex dem' Klein *against* Graham.

In ejectment by a purchaser under a sheriff's sale, against the debtor, who refuses to give up possession, the defendant cannot shew title in another, for the plaintiff comes into exactly such estate as the debtor had, and if it was a tenancy, the plaintiff will be tenant also, and estopped in a suit by the landlord, from

THE plaintiff in this action shewed title by a regular conveyance from the sheriff of the county, under an execution upon a judgment in this court, signed and docketed on the twenty-third of *October*, 1802. He further established that before the entry of the judgment, the defendant had been, and then was in possession of the premises.

To rebut this testimony, the defendant offered to prove, that one *Ira Day* was the real owner of the land ; and for this purpose, produced a deed for the very subject of controversy, duly executed on the 15th of *April*, 1802, by himself and wife, to *Day*. He further tendered witnesses to establish that at the time of sale, *Day* claimed the premises, and publicly forbade the sheriff proceeding in it ; that *Graham* disclaimed all interest in the premises, and that the name of *Day* was originally inserted in the consent

rule, but had, by consent of the attornies been changed to that of the defendant, under a verbal agreement, however, to try the title of *Day* alone. The whole of this evidence being rejected by the judge, he directed the jury to find for the plaintiff, which they accordingly did.

The application was to set the verdict aside, and grant a new trial.

*Williams*, for the defendant. In ejectment, the plaintiff must recover on the strength of his own title, and his adversary may, therefore, shew it to be in another. The testimony offered would have done this, and proved *Graham* a mere tenant at will. If so, he had no legal transferable interest, either by his own act, or operation of law. The instant his estate was defeated, that of his landlord vested, disencumbered of all claims in virtue of the previous tenancy. Suffering the plaintiff to retain his verdict, will be only exposing him to another suit, in which he must be ejected.

*Foote* and *Van Vechten* contra. A third person cannot interpose after a sheriff's sale of property in the possession of a defendant. All that we claim is such right as *Graham* had in the premises. He clearly had some, for he was in possession. At least, the emblements were the defendant's; and to those we must be entitled, as well as to six months' notice to quit. We do not disturb the landlord's estate.

*Williams* in reply, urged, that a tenant at will could not insist on notice, nor was he, in a case like the present, entitled to emblements.

*Per curiam.* We are all of opinion, that the testimony offered by the defendant, was properly rejected. The interest of *Graham* was sold; this cannot prejudice the right of the landlord. A purchaser under an execution, becomes *quasi* tenant, and if the defendant held only at will, the landlord might the very next day bring his action, and the vendee would be estopped from setting up a right in a third person. It is plain therefore, that the landlord can sustain no kind of injury. The same principle was settled in *Kane* v. *Steenbergh*, decided in *October* term 1799, in which we held a purchaser under a sheriff's sale, became *quasi* tenant, and that it was not to be presumed he held adversely. A contrary doctrine would open a door to fraud; because a

disputing his right in the same manner as the original tenant.

ALBANY,
August, 1805.

defendant might allege an interest that could not be sold, and, if taken to be true, it might defeat his creditor of a free-hold estate. The opinion of the court, therefore, is, that the plaintiff have judgment on his verdict.