Curia, per Sutherland, J.
The lessors of the plaintiff claimed a right to recover the premises in question, as purchasers át a sheriff’s sale, under two judgments against one Jonathan Morrison. One of the judgments was in favor of Withered, and the other of Hyde; and they became joint purchasers of the premises in question upon the sale.
The judgments were originally obtained before a justice of the peace, and the transcripts were certified and filed in the county clerk’s office; and the judgments were entered therein, and the executions were issued, in pursuance of the.provisions of the 9th and 10th sections of the act to extend the jurisdiction of justices of the peace, passed the 10th of April, 1818. The plaintiff produced a certified copy of the transcripts from the county clerk’s office, as evidence of the judgments. They were objected to as insufficient; but the objection was overruled by the judge. The grounds of the objection to the transcripts do not appear to have been specified upon the trial.
*202 It is now, however, contended, 1. That the transcripts were not proof of the fact of the rendition of the judgments; that the magistrate before whom the judgments were obtained, and who gave the certificates or transcripts, should have been called to prove them : and 2. That, admitting the transcripts to be competent evidence in themselves, yet they were insufficient in this case, because they did not, show that the justice before whom the judgments were rendered had jurisdiction ; it not appearing, in either case, that the defendant was summoned or ever appeared in court.
The 9th section of the act already referred to, makes it the duty of the county clerk to file the justice’s transcript of *the judgment, and bond; and enter the judgment in a book, to be by him kept for that purpose, together with the time of his receiving the same; and declares that any judgment so entered by the said clerk, shall, from and after the time of Ms receiving it as aforesaid, be a lien on real estate, to all intents and purposes, as if the said judgment had been rendered in the court of common pleas of the county where such judgment shall be given. [1]
I am inclined to think it was the intention of the legislature to put these judgments upon the footing of judgments in the common pleas, in all respects. They are, by the express terms of the act, to be a lien on real estate, in the same manner ; and the transcript, when received and filed, is to be considered the evidence of the judgment, and to be proved" in the same manner as other documents or papers of the same character on the files of the office. I do not understand the objection to have been, that the transcripts produced on the trial were not properly proved to *203 have been copies of the transcripts on file; but that neither were competent evidence of the judgments, unless authenticated by the oath of the justice. The legisature, by directing the clerk of the court of common pleas to enter the judgments upon the filing of the transcript, seem to have decided that transcript, without the oath of the justice, is sufficient evidence of the judgments before him. If the transcript were to be verified by the oath of the justice, it should be before, or at the time when it is filed, and made the evidence or foundation of a judgment, upon which the clerk of the court is authorized to issue an execution. The transcript is prima facie evidence of the judgment. [1]
As to the second point, the judgments themselves are not directly in issue. The defendant is a stranger to them. They are drawn in question collaterally. They are, as between these parties, to be considered as judgments of the common pleas, and as valid and regular until impeached.
The sheriff’s deed describes the executions under which the sale was made, in a manner which leaves no doubt'that they were the same executions produced and proved in the •cause. The parties are the same, as also the test, and the amount directed to be levied. Sufficient appears to show that those executions were the authority under which the sheriff acted, and that is all that is necessary. The execution need not be set forth or recited in the deed, and if recited and described inaccurately, the variance will not affect the deed.[2] (10 John. 381. 18 id. 7. 2 Phil. Ev. 204, 5, note (a) 5 Cowen, 530.)
*204 The title" or interest of Morrison, (the defendant in the judgments and executions,) in the premises in question, was sufficiently shown prima facie.
Jonathan Wood testified, that Jonathan Morrison was in possession of the premises in question, for several years previous to the year 1824 \ that the defendant, Jones, was. in possession at the commencement of this suit; that, he claimed to hold under Jonathan Morrison; and he told the witness that he held under Jonathan Morrison by lease. Thomas Jones, a witness on the part of the defendant, testified that the defendant, his father, went into possession of the premises under Jonathan Morrison, in the fall of 1823. The lease was executed on the 4th of November, 1823. All the evidence in the case shows that Jonathan Morrison was the reputed owner of the lot in question.
The defendant, at all. events, is estopped from denying the title Of Jonathan Morrison as landlord. His possession was derived from Morrison. He has acknowledged the general interest or title of the lot to be in him; and if the defendant has a subsisting right to the possession under his lease, it was his business to show it by producing the lease. Independent of the lease, he is not at liberty to deny the title of his landlord ; The lessors stand in the place of Jonathan Morrison. His rights have passed to them by operation of law. (2 Phil. Ev. 204. Jackson v. Town, 4 Cow. 601 ; and vid. 5 Cowen, 129. 7 Cowen, 325. 2 T. R. 53. 1 T. R. 760. 1 Caines, 444. 2 John. Cas. 223, 499. 6 John. Rep. 34. 7 id. 157, 186. 10 id. 258.)
It is contended, that the plaintiff should have produced the lease, or given notice to the defendant to produce it; that the lease was the highest evidence of the fact that the defendant *catoe into possession under Morrison. But the fact of his having gone into possession under a written lease, came out from.the defendant’s witness. His confession» as proved by the plaintiff, was, that he held under Jonathan Morrison by lease.1 But whether it was a parol or written lease, did not appear until discloséd on the part of the defendant. He was the tenant to whom the lease was given; had it in his possession ; and if he had any *205 existing rights under it, it was his business to produce it.
In this view of the case, all the evidence in relation to the title of Zina Morrison was irrelevant. The defendant was precluded from setting up a title in a third pers’on. The motion for a new trial must be denied.
New trial denied.

 § 63 of the New York code, substantially reenacts the above provision, and also provides, that a certified transcript of the judgment may be filed and docketed in the clerk’s office of any other county, and with-the like effects, in every respect, as in the county where the judgment was rendered; except that it shall be a lien only from the time of filing and docketing the transcript. The judgment acquires no additional validity from being transcribed and docketed, except that it becomes * lien on the real estate of the judgment debtor. Young v. Remer, 4 Barb. S. C. Rep. 442. See, also, Johnson v. Burrill, 2 Hill, 238.

 Jackson v. Tuttle, post 233. The transcript may be proved by exemplification, or as other records of the Common Pleas. Tuttle v. Jackson, 6 Wen. 213. S. C. 9 Cow. 233, 238. It need not be authenticated by the oath of the justice nor proof of his official character. Tuttle v. Jackson, 6 Wen. 221, 122. Nor show on its face that the justice had jurisdiction; id. S. C. post, 233, and a very imperfect transcript, written in bad English, if intelligible in its essential respects will answer. Jackson v. Browner, 7 Wen. 388. But a transcript cannot be used as evidence of the judgment for the purpose of establishing a former recovery, or any purpose except that contemplated by statute. O’Connel v. Seybert, 13 Sergt. & R. 54, 57.

 Per Chancellor in Jackson v. Roberts’ executors, 11 Wen. 422, 428.