IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

AT MAY TERM, 1833.

---

### JOHN DEN v. WILLIAM WINANS.

By the twelfth section of the act making lands liable to be sold for the payment of debts, *Rev. Laws*, 433, a sheriff's deed, as between the defendant and the purchaser, may be fairly considered as the defendant's own deed made by the sheriff, as his legally constituted agent for that purpose.

In an action of ejectment, the defendant who had sold the premises to the lessor of the plaintiff, will not be permitted to show a title out of himself, at the time of making the deed ; for it is an element of the law, that a man cannot recover in ejectment, or defend himself, against his own covenant or grant.

The defendant in execution, if in possession of the premises, becomes *quasi tenant* of the purchaser, and will not be permitted to dispute his title in an action of ejectment, brought against the defendant in execution to recover the possession.

Possession is a legal right, which may be levied upon and sold by the sheriff on execution.

---

This was an action of ejectment tried at the Somerset circuit in October, 1832, before Justice Ford and a verdict rendered for the plaintiff. On the trial it appeared, that Ephraim and

Vol. II.—1

Stephen Vail recovered judgment against the defendant, William Winans, on the 6th October, 1831, in the Court of Common Pleas of the county of Somerset, and sued out an execution thereon returnable to January term, 1832, which was levied on the premises in question, in the possession of the defendant, several years before the entry of the judgment, and continued to be so, till the time of the trial. That the sheriff sold the premises as the property of the defendant, on that execution, to Ephraim Vail, the lessor of the plaintiff, and executed to him a deed in the usual form, bearing date the 2d of February, 1832. The deed purported to be duly recorded; and no exception was taken to the regularity of the proceedings, and here the plaintiff rested.

That the defendant owned the premises, in fee simple, until March, 1831, was not controverted; but he offered to shew title out of the lessor of the plaintiff, in the following manner; that P. P. Winans obtained against him a *prior* judgment, to wit, on the 16th of March, 1831, for eighteen hundred and ninety-four dollars, in the same court, and that the sheriff sold the premises, as the property of the defendant, under an execution upon this judgment, to Isaac Ruckman, and made him a deed in the usual form, bearing date the 20th day of October, 1831, which was duly recorded; all which proceedings he averred to be in legal form; and that Isaac Ruckman executed to him a lease for the premises, bearing date the 10th of March, 1832, to hold for one year, from the first of April, 1832, for the rent of forty-five dollars.

The plaintiff objected, that the evidence was not admissible on the part of the defendant, who, upon the sale of the land, for his own benefit, became *quasi* a tenant of the purchaser; that this tenancy has been repeatedly recognized in the Supreme Court of New York; and a tenant can never be allowed to impeach his landlord's title, or shew it to be in a stranger.

Justice Ford declared the evidence inadmissible, and remarked, that " the debtor, after a sale, becomes *quasi tenant* of the purchaser. The doctrine thus established by the Supreme Court of the State of New York, is strongly corroborated by our own statute, which declares, that the sheriff's deed shall vest as perfect a title in the purchaser, as if it had been made by the debtor

himself. It has in this state been considered as the deed of the debtor, made by the sheriff as *his agent,* for the payment of his debts; and no man can set up title against his own deed. He becomes *quasi* tenant, and no tenant can be permitted to dispute his landlord's title. If Isaac Ruckman had made himself co-defendant, he might have done it as landlord, without a violation of the great rule of tenancies; but a tenant is never allowed to set up title out of his landlord."

The defendant having no other defence, the jury found a verdict for the plaintiff.

On the return of the postea a rule to shew cause was granted.

*Hartwell* in support of the rule,

*W. Tomson* and *J. S. Green* contra.

*Hartwell.* He admitted the general principle, that a tenant cannot dispute his landlord's title, but insisted that Winans was not the tenant of the lessor of the plaintiff, that he was the tenant of Ruckman, the first purchaser. He could not be tenant of both. His being *quasi* the tenant of Vail, is a mere presumption that might have been rebutted by the proof offered.

1. The evidence of defendant proved a *quasi* tenancy under Ruckman.

2. The lease showed an actual tenancy.

The defendant remains the tenant of the purchaser, 4 *Cow. Rep.* 579. This must mean the first purchaser. When the relation of landlord and tenant is once established, it attaches to all who succeed the tenant immediately or remotely. 5 *Cow. Rep.* 123, 129.

The tenant is bound to the original landlord, 1 *Cow.* 575, and whether there be a tenancy or not, is a *fact,* and may be disproved, 7 *John. Rep.* 186.

Although a tenant cannot deny the title of his landlord under whom he entered, yet it is competent for him to show that it has terminated, 4 *T. R.* 682. A claim and color of title is sufficient to destroy the presumption that the defendant was in the occupancy of said premises, under the plaintiff, 2 *Conn. Rep.* 183; 8 *John. Rep.* 187.

Den v. Winans.

It is nothing more than a *mere inference*, that a defendant whose property has been sold by the sheriff, upon a *fi. fa.* remains in the possession of the farm under the purchaser.

The case cited by the plaintiff's counsel from 10 *John.* shows that the deed offered, had been found to be fraudulent.

Privity of estate is never presumed; it must always be proved, and where the lessor attempts to establish it, the defendant may disprove it. *Saund. P. & Ev.* 534.

If the lessor of the plaintiff is the landlord, he must prove that a tenancy once existed, and has expired.    2 *Stark. Evid.* 532, 3.

The doctrine contained in the New York Reports grows out of the English cases, which assign as a reason, why a tenant cannot dispute his landlord's title, that the tenant has received a consideration—2 *Stark. Evid.* 532, 3. It would be absurd to apply this principle in the present case. In this action, if the defendant can prove an outstanding title in a person, other than the plaintiff, it is sufficient to defeat a recovery—9 *Cow. Rep.* 86.

If it be true, that the defendant was the tenant of the plaintiff, he was entitled to notice before the action was brought. It must have been a tenancy at will, at sufferance, or for years. In 1 *Bos. & Pul.* 326, it is declared, that a defendant may controvert the tenancy, where there is no actual proof, that the plaintiff was his *original* lessor. He may also show, that the lessor's title has *expired.* The evidence offered would have proved that Vail was not, nor could he possibly be, the landlord of the defendant; that he never had a *legal* title. The court, therefore, erred in overruling the defendant's evidence; it ought to have gone to the jury; consequently the verdict ought to be set aside and a new trial granted.

*W. Tomson* and *J. S. Green* argued; 1. The sheriff's deed to Ephraim Vail, the purchaser, transferred and vested in him, as good and perfect an estate to the premises, as the defendant in execution, W. Winans, was entitled to, at or before the judgment, and as if the defendant had executed the deed, and received the consideration money. *Rev. Laws,* 433, *sec.* 12.

2. Though the possession is not transferred by the sale, yet

the purchaser has a right to enter, and may recover in an action of ejectment. If the defendant in execution remain in possession, he is considered as the *tenant* of the premises—4 *Cowen Rep.* 576.

In some of the cases the defendant in execution is called *quasi* tenant. And being thus considered tenant, and the purchaser considered his landlord, he cannot dispute the title of the latter. He cannot set up a title in a third person, or insist that he is tenant to some other person, to prevent the recovery by the purchaser. 3 *Caines Rep.* 188; 1 *John. Rep.* 45 ; 10 *John. Rep.* 223; 1 *John. Cases,* 153; 5 *Halst.* 102.

The defendant in this action offered to shew on the trial, that he was the tenant of Ruckman, who had purchased at the sheriff's former sale. This was disputing his landlord's title, and setting up title in a third person, and was properly overruled by the Judge at the Circuit.

If Ruckman wanted to dispute and try the title of the lessor of the plaintiff, he ought to have applied to the court to be made defendant in the place of W. Winans.

The death of Winans since the verdict does not abate the suit. This point was recognized in the case of *Mann* v. *Glover*, at the last term.

The opinion of the court was delivered by the Chief Justice.

HORNBLOWER, C. J. This cause was tried before Mr. Justice Ford, at the Somerset circuit, in October, 1832. The lessor of the plaintiff claimed title, under a sheriff's deed, made to him as purchaser, bearing date the 2d February, 1832. The execution under which the sheriff sold the premises to the lessor of the plaintiff, was founded on a judgment entered against Winans, the defendant, in the Common Pleas of Somerset county, on the 6th October, 1831, and was returnable to January term, 1832, of that court. The defendant was in possession of the premises in question at the time of the levy and sale ; and had been so for several years previous thereto, as owner in fee simple, at least until the month of March, 1831.

The plaintiff having proved these matters, rested the cause ; whereupon the defendant by way of shewing title out of the lessor of the plaintiff, ordered to prove, that one P. P. Winans had obtained a prior judgment against him, to wit: on the 16th

March, 1831; on which an execution had been issued, and the premises levied upon and sold as the property of the defendant, to Isaac Ruckman, to whom the sheriff had given a deed, bearing date the 20th of October, 1831; which deed had been duly recorded. The defendant further offered to prove, that Ruckman the purchaser had executed to him a lease of the premises, dated the 10th March, 1832, for one year from the first day of April, 1832, under and by virtue of which he then held the possession.

The whole of this defence was overruled by the judge, and the evidence rejected; whereupon the jury rendered a verdict for the plaintiff.

A motion is now made to set aside the verdict and grant a new trial, on the ground that the judge committed an error in overruling the defence set up by the defendant, and whether any such error was committed, is the question now to be considered.

By the 12th section of the act, making lands liable to be sold for the payment of debts, *Rev. Laws*, 433, it is enacted, that the sheriff's deed shall transfer to and vest in the purchaser, as good and perfect an estate to the premises, as the person against whom the execution was issued, was seized of, or entitled to, at or before the judgment; and as fully to all intents and purposes, as if the defendant in execution had sold the lands to the purchaser, received the consideration money, and signed, sealed and delivered the deed himself.

A sheriff's deed, regularly made, may therefore fairly be considered under our statute, at least, as between the defendant and the purchaser, as the defendant's own deed, made by the sheriff as his legally constituted agent for that purpose, since by the very terms of the statute, it is to have to all intents and purposes the very same effect, as if made by the defendant himself.

If then on the 2d February, 1832, the defendant had sold and conveyed the premises in question to the lessor of the plaintiff, he could not in an action of ejectment, founded on that deed, be permitted to show a title out of himself at the time of making the deed—to suffer him to do so, would be to violate, what is justly stated by the late Justice Washington, to be a principle, an element of the law, viz.: that a man cannot recover in ejectment, or defend himself, against his own covenant or grant.

*Lessee of Cooper* v. *Galbraith,* 3 *Wash. Rep.* 546 ; and see *Den ex dem. Burhans* v. *Vanness,* 5 *Halst. Rep.* 102, and cases there cited.

This view of the subject, would seem to be sufficient to settle the question, without having recourse to the doctrine of *quasi tenant,* which has been resorted to in the State of New York, in cases of this kind. The statute of that state does not direct a deed to be made by the sheriff, and of course does not declare what shall be the operation and effect of such a deed, nor was it until the case of *Simonds* v. *Catlin,* 2 *Caines Rep.* 62, that a deed from the sheriff was held to be necessary. But before that decision and as far back as 1799, in the case of *Jackson ex dem. Kane, and al.* v. *Sternbergh,* 1 *John. Cas.* 153, the Supreme Court of New York, with great propriety, in my opinion, considered the defendant in execution, if in possession of the premises, *quasi tenant* at will, to the purchaser ; and then applying the rule, that a tenant shall not controvert the title of his landlord, held that the defendant in execution, should not be permitted to deny the purchaser's title. This decision was followed in the case of *Jackson ex dem. Klein* v. *Graham,* 3 *Caines Rep.* 188. Graham, who was the defendant in execution, offered to prove, that he and his wife had by deed duly executed by them, sold and conveyed the premises in question to one Ira Day, before the judgment and execution under which Kline had purchased ; that he, Graham, at the time of the levy and sale, disclaimed all right and title, and that Day at the time of the sale, had given notice of his title, and publicly forbade the sheriff's sale. But the judge at the circuit rejected the evidence, and the whole court at bar approved of the decision.

So far as I can learn, this principle has been recognized and acted upon ever since 1799, in the State of New York ; and none of the cases cited by the defendant's counsel, are in opposition to the rule.

But in my opinion, and especially under the provisions of our statute, it is not necessary to resort to the doctrine of a constructive tenancy ; all the legal rights and interest of Winans the defendant, were sold to, and purchased by the plaintiff, and a possession is a legal right. In the case of *Jackson* v. *Scott,* 18

*Johns. Rep.* 94, it was held that a person in possession of land, under a contract for a purchase, has an interest that may be sold on execution; not that a mere equitable interest may be levied upon and sold, but if connected with the possession of the land, the legal interest, of which the possession is evidence, may be sold by the sheriff. Whether a court of equity will enforce an equitable interest which the debtor had in the land, at the instance of the purchaser, is another question; but a court of law will not inquire what title or estate the defendant, under such circumstances, has; and he is precluded from making the objection, that he has *no title*.

The lease set up between the defendant and Ruckman, cannot affect the rights of the plaintiff, for it was made on the 10th March, 1832; which was after the plaintiff's title accrued. Besides, if such lease existed, Winans ought to have given notice to Ruckman his landlord; and we are to presume he did so. Ruckman then as landlord might have made himself defendant, or co-defendant in this cause, and thus have asserted his rights, and given the lessor of the plaintiff, an opportunity of controverting the validity of his title. As he did not do so, the court cannot look after his rights; nor suffer the defendant standing in the relation he does to the lessor of the plaintiff, to set them up for him. This would be to give Ruckman the benefit of a trial, and of the judgment of this court, if favorable to him, without his incurring the risk and responsibilities of a party on the record, or being bound by our decision if adverse to his claim.

Let the rule to shew cause, be discharged, with costs.

CITED in *Hyatt* v. *Ackerson*, 2 *Gr.* 567 ; *Den* v. *Green et al., Spencer*, 172 ; *Leport v. Todd*, 3 *Vr.* 133.