## JAMES POLLOCK, JUNIOR, v. PETER HOAG.

The minutes of a justice, produced and sworn to by himself, are competent evidence of a judgment.

Neither the recovery of a judgment nor the filing of a transcript can be proved by parol.

An objection that a question is leading, cannot be taken for the first time on appeal.

Parol promises by the signer of a written guaranty, to pay the debt, may be admissible as evidence of his satisfaction with the steps taken by the creditor to collect from the principal.

The creditor, upon the question of due diligence to enforce payment from the principal, may show that he employed the legal adviser of the guarantor, and that such attorney acted under instructions from the guarantor.

The creditor having obtained a judgment against the principal debtor, and issued an execution which is returned unsatisfied; the mere fact that an execution was subsequently issued by another creditor, for a small amount which was collected, does not prove a want of diligence in the creditor, where the guarantor himself undertook to instruct the sheriff.

Where a guaranty covers an account described therein as due and rendered, interest may be allowed at least from the date of the guaranty.

A defendant guaranteed the collection of a claim within a reasonable time, provided legal and proper steps were taken to enforce such collection. *Held*, that the recovery of a judgment against the debtor, and the issue and return of two successive executions against him, were sufficient to render the guaranty operative, although an appeal by the debtor from the judgment was still pending, it not appearing that the remedies by execution had been stayed or interfered with by the appeal.

THE action was founded upon the following guaranty:

" Whereas, on the 13th June, 1853, the within named Thorp & Hoag, sold and transferred the within claim to · James Pollock, for value received, now, I, Peter Hoag, in con-

sideration of one dollar, to me paid by said J. Pollock, hereby guarantee the collection of the amount of said bill, to wit, $169 04, within a reasonable time from the date hereof, provided the said Pollock shall take legal and proper steps to enforce said collections, and in case of failure thereof, I promise to pay the said amount to said Pollock.

"New York, 13 June, 1853.      PETER HOAG."

Annexed to this instrument was an account in favor of Thorp & Hoag, against James M. Latham, for balance bill rendered, amounting to $169 04.

The Sixth District Court gave judgment for the plaintiff for the amount of the balance of account above mentioned, with interest from the date of the guaranty, and costs of legal proceedings taken against the principal debtors. The grounds of objection urged upon the appeal are illustrated in the opinion.

*Jacob I. Radcliffe, David P. Whedon* and *C. Patterson,* for the defendant.

*William McDermott,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—1. Parol evidence of the recovery of a judgment upon the claim, the collection of which was guaranteed by the defendant, was inadmissible, as was also parol evidence that a transcript had been filed. But the objection to this evidence was obviated by the production of the transcript, and by producing the justice, with his minutes and record of the judgment.

2. The minutes of the justice, produced by himself and sworn to, are competent evidence of the recovery of the judgment. (*McCarty* v. *Sherman,* 3 J. R. 429; *Prosser* v. *Brown,* 12 ib. 165; *Jackson* v. *Jones,* 9 Cow. 182.)

3. If a party would afterwards complain that a question put to a witness on the trial is leading, he should object upon that ground, otherwise the court, on appeal, will disregard the objection.

Pollock *v.* Hoag.

4. Promises by the defendant to pay the debt were competent evidence. They are not only admissions of liability, but are evidence that the defendant approved of the steps taken by the plaintiff to collect the claim from the original debtor, and his satisfaction with the diligence used to enforce the collection.

5. If the evidence that the plaintiff employed the defendant's attorney to take the proper steps to make the collection was purely irrelevant, it would form no ground for reversal; but in connection with evidence that the attorney acted under the defendant's instructions, I think it was relevant and proper.

6. The question whether the plaintiff had used due diligence would have admitted of great doubt, had not the defendant's connection with the prosecution and his promises of payment been shown; but, under that evidence, the question was a proper one to be disposed of by the court below, as a question of fact, and with the finding on that subject we do not, when any doubt exists, interfere. And the fact that another execution, issued to the sheriff some fifteen days after the execution issued in favor of the plaintiff had expired, and for a smaller sum, was collected, did not, I think, tend to show that the former execution might have been collected. The evidence that the defendant himself undertook to see the sheriff and give him instructions touching the service of the execution, I think relieves the plaintiff from the imputation of negligence on his part, notwithstanding it now appears highly probable that if proper efforts had been made, the sheriff would have collected the amount of the judgment.

7. There was no error in the allowance of interest. The guarantee covered the whole demand, and the account guaranteed purported to be an account due and rendered. If, in this respect, the guarantee was true in its representation, the account bore interest from as early at least as the date of the guarantee, and the defendant is not at liberty, in this action, to deny it.

8. Costs and expenses in prosecuting the claim were shown to have been incurred, and, as I think, the court was war-

ranted in finding that they were necessarily incurred, except the costs on appeal. The evidence did not show that any services were rendered by the plaintiff's attorney in the matter of the appeal. The attorney says he charged $122 on the appeal, without proving any services to warrant the charge.

9. The defendant guaranteed the collection of the claim against Latham within a reasonable time, provided legal and proper steps were taken to enforce said collection. The plaintiff has shown the recovery of a judgment against Latham, and the issuing and return of two successive executions against him. This, I think, was sufficient; though it appears that appeal was taken, it nevertheless appears that the ordinary legal remedies have been exhausted, and that those remedies were not interfered with, prevented, or even stayed by such appeal. The judgment and execution is to be regarded as so far final, that further process, even had the appeal been prosecuted to an affirmance, would not, so far as can be gathered from the case, have been any more effectual than the steps already taken. Indeed, the recovery of judgment, and the issuing and return of the execution thereon, is, I think, all that the plaintiff is bound to show to entitle him to recover on such a guarantee. (See *Leonard* v. *Giddings*, 9 J. R. 355; 4 Cow. 173; 6 ib. 624; *Backus* v. *Shepherd*, 11 Wend. 635.)

The judgment should be affirmed for all except twelve dollars, which should be deducted.

Adjudged accordingly.