# DICKINSON vs. SMITH.

It is not necessary that a transcript, from a justice of the peace, of a judgment rendered by him, should show the proceedings to give him jurisdiction to render a valid judgment, in order to authorize it to be filed and docketed. It is, for that purpose, *prima facie* evidence that the justice had jurisdiction to render the judgment.

Nor is it necessary, in such a case, that the certificate of the county clerk should show that the signature of the justice to the transcript was the genuine signature of the justice; or that he was, at the time, a justice of the county.

The judgment, when docketed, becomes a judgment of the county court, and all that the clerk is required to certify is as to the correctness of the copy

Dickinson *v.* Smith,

of the transcript, filed in his office, and the docket of the judgment. It is not necessary to show the jurisdiction of the justice, in order to establish the validity of the judgment.

The transcript and docketing are all that it is necessary to prove, to establish the judgment as a lien, and the authority of the clerk to issue the execution.

A person in possession of premises is presumed, in law, to be the owner, or at least to have an interest which is the subject of sale, on judgment and execution against him, and in an action of ejectment brought by the purchaser at a sheriff's sale, or his grantee, against such defendant, to recover the possession, the latter cannot show an outstanding title in another, to defeat the action.

The purchaser at the sheriff's sale, in such a case, takes the right the occupant has, and if the occupant is a tenant, the purchaser becomes the *quasi* tenant of the landlord, and the occupant whose right is sold after the execution of the sheriff's deed, remains in possession as the mere tenant at will, or sufferance, of the purchaser, and is precluded from showing an outstanding title to defeat the action.

But the defendant may show as a defense, that the interest of the judgment debtor, in possession, in the premises, was of such a nature that it could not be sold on execution, and that consequently the purchaser at the sheriff's sale acquired no right.

Where the plaintiff proves a continued possession of the premises, by the defendant, from the docketing of the judgment down to near the time of trial—a period of nearly five years—this is sufficient to raise the presumption of a legal estate, in him, upon which a judgment would attach as a lien, and which was the subject of sale on execution.

But if the defendant has conveyed the premises to a third person, merely remaining in possession at the pleasure of his grantee, without any agreement giving him a right, he is a mere tenant at will, or sufferance, and has no interest which is the subject of sale on execution.

From the mere fact, however, that the defendant had previously conveyed to another, no legal presumption will arise that such was the character of his possession. If he wishes to defeat the plaintiff's title, on that ground, he must show affirmatively what the character of his holding under his grantee was between the time of the conveyance and the sheriff's sale. The *onus* is upon him, and the legal presumption against him.

THE action was ejectment for a piece of land situate in the town of Hornby, in the county of Steuben. The plaintiff derived title through a sheriff's sale of the premises. On the 19th of June, 1851, Morrow recovered a judgment for $93.38, damages and costs, before a justice of the peace of the above named town, against the defendant, and had a transcript of his judgment filed and docketed, in the county clerk's office of said

county, on the 25th of June, the same year. On the 2d of September, 1852, an execution was issued to the sheriff of said county, upon said judgment, by the county clerk, and the premises in question were sold at public sale on the 4th of November, 1852. A certificate of sale was duly given, and filed, and the sheriff conveyed the premises by deed to the purchaser, on the 3d of April, 1854. The plaintiff derived title by quitclaim deed, from the purchaser at the sheriff's sale, on the 9th of May, 1854. It was proved on the trial, on the part of the plaintiff, that the defendant was in possession of the premises at the time the transcript of the judgment was filed and docketed, and that he continued in possession from that time up to within two weeks of the trial. The evidence of the judgment was a copy of the transcript of the justice's judgment, filed in the county clerk's office, and the docket of the judgment in said office, authenticated by the certificate of the clerk, and the seal of the county. The certificate did not state that the justice before whom the judgment purported to have been rendered, was at the time an acting justice of said county, nor that his signature thereto was genuine; nor did the transcript show the proceedings before the justice, by which he acquired jurisdiction. The defendant objected to the reading of the transcript and clerk's certificate in evidence, on the grounds, 1. That it did not appear that the justice had any jurisdiction to render the judgment; and 2. That it did not appear from the certificate that the justice was a justice, nor that his signature to the transcript was genuine. The objection was overruled, the transcript and certificate received in evidence, and the defendant's counsel excepted. The same objection was made to the execution as evidence, and the proceedings under it, and the like decision made and exception taken. The plaintiff then called the justice who rendered the judgment, and proved by him that at the time of rendering such judgment he was an acting justice, and proved from his docket a regular action and judgment. The defendant, by way of defense, then offered to prove that on the 1st of April, 1851, he, for a valuable consideration, conveyed the premises, by war-

Dickinson *v.* Smith.

ranty deed, to Newman Potter, who thereby became the owner, and that said deed was then duly acknowledged, and recorded in the office of the clerk of Steuben county. And that on the 1st of January, 1853, Potter conveyed the premises by warranty deed to Charles D. Thomas, which deed was duly acknowledged and recorded. And that on the 1st of April, 1853, the said defendant occupied the premises under a written lease from Thomas, and had from that time, until he quit the premises. To this evidence the plaintiff's counsel objected, and the court sustained the objection and excluded the evidence, to which ruling the defendant's counsel excepted. The action was commenced on the 18th of May, 1854, and was tried before the Hon. E. DARWIN SMITH, justice, at the Steuben circuit, on the second Monday of January, 1856. The plaintiff had a verdict, and the defendant appealed from the judgment thereon, to the general term.

*J. Maynard,* for the plaintiff.

*Geo. B. Bradley,* for the defendant.

*By the Court,* JOHNSON, P. J. The certified copy of transcript, and docket, were properly received in evidence. It is not necessary that a transcript, from a justice, of a judgment rendered by him, should show the proceedings, to give jurisdiction to render a valid judgment, in order to authorize it to be filed and docketed. It is for that purpose *prima facie* evidence that such justice had jurisdiction to render the judgment, (*Hyde* v. *Jones,* 9 *Cowen,* 182. *Jackson* v. *Tuttle, Id.* 233.) Nor is it necessary, in such a case, that the certificate of the county clerk should show that the signature of the justice to the transcript was the genuine signature of the justice ; nor that he was at the time a justice of the county. The judgment, when docketed, became a judgment of the county court. (*Code,* § 63.) And all that the clerk was required to certify, was to the correctness of the copy of the transcript, filed in his office, and the docket of the judgment. The provisions of the revised

statutes, (2 *R. S.* 269, 270, §§ 246, 247,) for making transcripts from justices' dockets evidence, do not apply to this case. They only apply to cases where the judgment and proceedings remaining before the justice are sought to be proved. The transcript and docketing were all that it was necessary to prove to establish the judgment as a lien, and the authority of the clerk to issue the execution. (*Tuttle* v. *Jackson*, 6 *Wend.* 213. *Jackson* v. *Rowland, Id.* 666.) The code makes it the duty of the justice to give a transcript, on the demand of the party in whose favor the judgment has been rendered, and authorizes the clerk of the county where the judgment was rendered, to file and docket the same, and also to issue an execution thereon to the sheriff of the county. (*Code,* §§ 63, 64.) Upon filing the transcript, and docketing the judgment, it then becomes a judgment of the county court. And although county courts are held to be courts of limited and inferior powers, so that nothing is to be presumed, in favor of their jurisdiction, but jurisdiction must always be affirmatively shown, it does not become necessary to show the jurisdiction of the justice, to establish the validity of these judgments. They become judgments of that court, not by virtue of any proceedings before it, but by virtue of the statute, upon the filing and docketing of the transcript. The same rules, therefore, which prevailed in regard to the necessary proof of such judgments, before the code, are still applicable, for the same reasons. If other proof were necessary, however, it was made in this case, and the regularity of the judgment before the justice established.

The question of greatest difficulty grows out of the offer of the defendant to prove his conveyance of the premises, before the judgment to Potter, the conveyance of the latter to Thomas, after the sheriff's sale, and the nature and character of his possession under Thomas.

It has been repeatedly held that a person in possession of premises is presumed, in law, to be the owner, or at least to have an interest which is the subject of sale, on judgment and execution against him, and that in an action of ejectment brought by the purchaser at a sheriff's sale, or his grantee, against such

defendant, to recover possession, the latter cannot show an outstanding title in another, to defeat the action. (*Jackson* v. *Graham*, 3 *Caines*, 188. *Jackson* v. *Bush*, 10 *John*. 223. *Jackson* v. *Parker*, 9 *Cowen*, 81. *Colvin* v. *Baker*, 2 *Barb. S. C. Rep.* 206.) The purchaser at the sheriff's sale in such a case, takes the right the occupant has, and if the occupant is a tenant the purchaser becomes the *quasi* tenant of the landlord, and the occupant whose right is sold after the execution of the sheriff's deed, remains in possession, as the mere tenant at will, or sufferance, of the purchaser, and is precluded from showing an outstanding title, to defeat the action. The reason of this rule was said, in *Jackson* v. *Graham*, to be, that "a contrary doctrine would open a door to fraud, because a defendant might allege an interest which could not be sold, and if taken to be true, it might defeat his creditor of a freehold estate." The interests of the landlord could in no respect be prejudiced, by the action. It was held in *Colvin* v. *Baker*, (*supra*,) that in a case like this, the defendant may show, as a defense, that the interest of the judgment debtor, in possession, in the premises, was of such a nature that it could not be sold on execution, and that consequently the purchaser at the sheriff's sale acquired no right. This, I apprehend, must be correct. For if the interest of the judgment debtor in possession was of such a nature that the judgment did not become a lien upon it, and it could not be sold upon execution, the purchaser could acquire no right or title, as against any one. The sheriff's deed would convey nothing, and no legal relation could spring from the sale, between either the purchaser and landlord, or the purchaser and the defendant. The principle of estoppel could not apply in such a case. The evidence would simply rebut the legal presumption growing out of the defendant's possession, and operate to controvert the plaintiff's title. The plaintiff in ejectment must recover upon the strength of his own title, and the defendant may always controvert it, unless his relation to the plaintiff is such as to estop him.

The offer of the defendant must, for the purposes of this case, be taken to be true. But it was not broad enough to bring him

Dickinson *v.* Smith.

within the rule established in *Colvin* v. *Baker*. The plaintiff had proved a continued possession of the premises, by the defendant, from the docketing of the judgment up to near the time of trial, a period of nearly five years. This was certainly sufficient to raise the presumption of a legal estate, in him, upon which a judgment would attach as a lien, and which was the subject of sale on execution. And granting that the fee of the premises was in Potter, at the time the judgment was docketed, and the premises sold on the execution, it does not follow that the defendant's right could not be sold on execution. I grant that if it be true that the defendant was, after his conveyance to Potter, merely remaining in possession, at the pleasure of his grantee, without any contract, or agreement, giving him a right, he was a mere tenant at will, or sufferance, and had no interest which was the subject of sale on execution. (1 *R. S.* 722, § 5.) But there is no legal presumption that such was the character of his possession, under the evidence, from the mere fact that he had previously conveyed to Potter. If he wished to defeat the plaintiff's title, on that ground, it was for him to show affirmatively, what the character of his holding was, under Potter, between the time of the conveyance and the sheriff's sale. The *onus* was upon him, and the legal presumption against him. For aught we can know, he may have had a lease, for a term of years, which had not expired at the time of the sheriff's sale, nor at the time of the conveyance, by Potter to Thomas, and the attornment of the defendant to the latter. In that case the conveyance to Thomas would be subject to the term of the lease, and the purchaser at the sheriff's sale, having acquired that right, the attornment of the defendant to Thomas would be void. The plaintiff would be *quasi* tenant to the owner of the fee, and the defendant the mere tenant at will or sufferance of the plaintiff, and incapable of destroying his rights by a new agreement. If the defendant was a tenant for a term of years, under Potter, it was for him to show what the term was, and when it expired. Because if it had expired before the action was commenced, the defendant might, I apprehend, have shown that as a defense, upon the same principle that a tenant may show that his land-

lord's interest in the premises has expired, or been extinguished, since the relation between them was created, and that the title is outstanding in another. (*Jackson* v. *Rowland, supra.*) The evidence offered would not show, nor tend to show, either that the defendant was a tenant at sufferance, or that the plaintiff's interest, acquired under the purchase at the sheriff's sale, had expired, before the commencement of the action; and it was therefore properly rejected, as irrelevant and immaterial. The defendant did not propose to follow it up by any other evidence. It is true that the plaintiff only acquired by his deed the right which the defendant had, at the time the judgment was docketed, and the defendant's interest sold upon the execution. A subsequent title or term lawfully acquired by the defendant would not enure to the plaintiff in a case of this kind. All the plaintiff can take by his recovery is the defendant's interest as it was when the judgment was docketed, or at any time after, up to the sale. And, as has been before shown, the presumption is, that the right continued at least until the action was brought, unless the contrary is shown. The ruling at the circuit was correct, and the judgment must be affirmed.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, Welles* and *T. R. Strong,* Justices.]