# WILSON AGAR AND ALANSON BURR, RESPONDENTS, *v.* MARY J. TIBBETS, AS EXECUTRIX, ETC., OF JASPER KEENEY, DECEASED, APPELLANT.

*Docketing of a judgment in the county clerk's office, upon the filing of a transcript of a justice's judgment — no action lies upon it unless the jurisdiction of the justice is shown by the transcript or proved.*

Where, in an action brought upon a judgment alleged to have been rendered by a justice of the peace, the transcript thereof filed with the county clerk fails to show that the justice acquired any jurisdiction of the person of the defendant, the plaintiff must, to entitle him to recover, prove this fact by other and sufficient evidence.

The distinction between the effect and result of proceedings founded 'upon an execution, which is issued upon a judgment docketed upon the filing of a transcript of a judgment of a justice of the peace with the county clerk, and the bringing of an action on the said judgment stated by BRADLEY, J.

The rule that renders the execution valid, even if issued upon the filing of a transcript failing to show jurisdiction in the justice, and without further proof as to that fact: *held*, not to apply to the case of an action brought upon the judgment. The cases upon this point examined and distinguished by BRADLEY, J.

APPEAL from an order of the Erie Special Term, denying a motion for a new trial, from an order confirming the report of a referee, and from the judgment thereon, entered against the defendant in a proceeding to determine a claim made against the estate of the testator, and rejected by her.

The claim is founded upon a judgment alleged to have been rendered by a justice of the peace April 30, 1869, a transcript whereof was filed and judgment docketed in the clerk's office of Wyoming county May 1, 1869. The following is the form of the transcript so filed:

STATE OF NEW YORK, ⎱ *ss.:*
   WYOMING COUNTY, ⎰

Transcript of a judgment rendered by and before D. N. JENCKS, a justice of the peace of the town of Warsaw in said county.

## IN JUSTICE'S COURT

Wilson Agar and Alanson Burr
*against*
Jasper Keeney.

On the 30th day of April, A. D. 1869, judgment rendered in favor of plaintiffs against defendant for a cause of action arising on contract.

Debt, $102.65; costs, $2.65; total, $105.30; transcript, 30 cents.

Wyoming County, *ss.* :

I, D. N. Jencks, a justice of the peace of said county, do hereby certify that the foregoing is a correct transcript from my docket of a judgment on record in my office, and of the whole of said judgment.

Dated this 30th day of *April*, 1869.

D. N. JENCKS,
*Justice of the Peace.*

At the time the motion was made to confirm the referee's report the defendant moved for a new trial on a case and exceptions, which was denied.

*E. E. & G. W. Harding,* for the appellart.

*I. Sam. Johnson,* for the respondents.

Bradley, J.:

The only evidence of the judgment was the transcript of the justice filed with the county clerk. The defendant took the objection on the hearing that no jurisdiction of the person named as defendant in the judgment appeared by the transcript.

It is a fundamental proposition that jurisdiction of inferior courts, dependent as they are upon the statute for authority, will not be presumed, but must appear to support their judicial action. (*Bloom v. Burdick*, 1 Hill, 139.) Such is the character of courts of justice of the peace. And while the statute provides for proof of their judgments by authenticated transcripts made by the justice

(2 R. S., 269, 270, §§ 246, 247; Code Civ. Pro., § 939) the transcripts must show jurisdiction to constitute evidence sufficient to give effect to the judgments. (*Benn* v. *Borst*, 5 Wend., 292; *Brown* v. *Cady*, 19 id., 477.)

But the plaintiff's counsel contends that the transcript as filed with the clerk, and its effect, are taken out of the rule by the statute which, at the time it was filed provided that from the time of such filing and docketing by the clerk "the judgment shall be a judgment of the County Court." (Code Pro., § 63.) What it shall contain is not provided for further than it be a transcript of the judgment rendered by the justice. (*Ibid.*) And it has been held under an earlier statute in that respect that the appearance of jurisdiction in the transcript filed with the clerk was not essential. (*Jackson* v. *Jones*, 9 Cow., 182; *Jackson* v. *Tuttle*, id. 233; S. C., *Tuttle* v. *Jackson*, 6 Wend., 213.) And in the same cases it was held that the judgments docketed upon the filing of such transcripts furnished at least *prima facie* evidence of the right to execute them by process, and that the transcript being sufficient to authorize the clerk to issue an execution thereon, it was "sufficient evidence of authority of the officer to sell, and of the existence of the lien, to enable the purchaser to recover in ejectment." The doctrine of those cases has been recognized in the more recent one of *Dickinson* v. *Smith* (25 Barb., 102), although in the latter case further evidence was added to show the jurisdiction of the justice to render the judgment. It must, therefore, be assumed that an entry of the docket by the clerk of a judgment may effectually be made upon the filing of a transcript failing to show jurisdiction of the justice to render the judgment, and that the judgment of the court so produced needs for the support of the execution of it by process issued upon it no proof further than the transcript so filed. The judgment becomes practically the judgment of the County Court and is beyond the control of the justice, and it as such only, is the subject of an action with the restrictions in that respect applicable to judgments of courts of record. (*Lyon* v. *Manly*, 32 Barb., 51; *Baldwin* v. *Roberts*, 30 Hun, 163.)

The reason which applies to the effect of proceedings and their results founded upon execution issued upon the judgment so docketed does not necessarily govern in an action brought upon it. The statute gives to the judgment the effect of lien upon real prop-

erty and provides for the issuing of execution, for the purpose of in that manner enforcing the collection of the judgment, and as a consequence *prima facie* vesting title in the purchasers on sales made by virtue of the execution, and if for that purpose the transcript filed were not sufficient evidence of the judgment to support its execution, it may be seen that much embarrassment might follow to the purchaser or those taking property under the sale. And especially so if the question should arise at so remote a period that the justice or his docket could not be obtained to prove the fact of his jurisdiction to render the judgment. These considerations were not overlooked in the adoption of the rule applied by the court. (*Jackson* v. *Tuttle*, 9 Cow., 238.) The purpose of the statute evidently was to permit the increase of facilities for collection of judgments of twenty-five dollars and upwards, recovered in Justices Courts, by putting them into a court of record, and the main advantage to be derived from it is to make the judgment a lien upon the real estate of the debtor and to give the right to sell such property on execution issued upon the judgment. Beyond this no essential benefit to the creditor could result from the giving to it the character of a judgment of the court of record.

When the creditor seeks to make his judgment the subject of an action to recover another judgment upon it, the reasons before mentioned do not seem applicable; nor is such remedy within the terms of the statute, as it is not taken in execution of the judgment, but in such case the creditor proceeds to charge by action the judgment debtor as for a debt which is alleged to be evidenced by the judgment. And whether or not it was a judgment before the transcript was filed and the entry made by the county clerk, depended upon the fact of jurisdiction of the Justice's Court by which it was rendered. The act of procuring the transcript and depositing it with the clerk for filing, etc., is wholly *ex parte*, and, except for the purposes of its execution provided for by the statute, it is not, apparently or in fact, any more a judgment after than before such entry is made in the clerk's office; and whether it has the legal effect of a judgment depends upon the jurisdiction of the inferior court by which it was rendered. It is said that the transcript filed is the statutory record of the judgment of the County Court, and the only record of its judgment in that court; and that

by force of the statute it is *prima facie* sufficient to support its validity. We, upon the authorities before cited, agree that this is so for the purposes of the execution of the judgment in the County Court. And, in view of the apparent purpose of it, the later statute adds nothing to the legal import or effect of the judgment as relates to the question here, which was not furnished by the statute under which these decisions were made. (Laws 1824, p. 290, ch. 238, § 20; 2 R. S., 247, § 128.) The designation of it as a judgment of the County Court does not give it validity unless it had that character before the justice. And no propriety appears for extend-tending its *prima facie* effect beyond the reason of the rule requisite to effectuate the apparent purpose for which the statute was enacted. No intent is manifested by the terms of the statute to create a new rule of evidence applicable to a judgment of such inferior court by making it a judgment of the County Court. The party may, if the fact permit, obtain and file a transcript showing jurisdiction, and, by so making it a record of the County Court, provide and preserve the means of proving all that may be essential to support the judgment for any purpose. There would be opportunity for great abuse if a party might, in the manner contended for, provide evidence to support an action upon an alleged judgment of a Justice's Court when no jurisdiction appeared to render it, as the person sought to be charged upon it may have no information until he is sued that any transcript of what purports to be a judgment has been filed with the clerk. And the first use sought to be made of it may be to charge his estate after his death when no opportunity exists in any manner, to show that he had not been brought by process into court. No matter of public policy or of practical necessity for the proper administration of justice or the protection of the rights of parties suggests the propriety of such a modification of the common-law rule of evidence. But, on the contrary, when one party sues another on a judgment he should be required to establish all the facts requisite to support its validity. And because the justice's transcript in question failed to show any jurisdiction of the person of the defendant's testator in the Justice's Court, the plaintiffs were not entitled to recover without further evidence, and such as should prove that essential fact. (*O'Donnel v. Seybert*, 13 Serg. & R., 54.)

If these views are correct, it is unnecessary to consider any other question. And the judgment and order should be reversed and a new trial granted, costs of this appeal to abide the final award of costs.

SMITH, P. J., and BARKER, J., concurred.

Judgment and order reversed and new hearing ordered, costs of this appeal to abide the award of costs.