In re THOMPSON.

HUMPHREY v. RISING.

(Supreme Court, Appellate Division, Fourth Department,   May 7, 1898.)

1. JUSTICES OF THE PEACE—JUDGMENT BY CONFESSION.
      Code Civ. Proc. § 3015, provides that where a judgment is rendered, by
   confession, by a justice of the peace, he "must forthwith render judgment
   and enter it in his docket book."   Held, that such a judgment entered in
   the minutes of the justice is nevertheless valid, although not entered in the
   docket book until after a transcript thereof has been taken and filed in the
   county clerk's office.
2. SAME—TRANSCRIPT OF JUDGMENT.
      A transcript of a justice's judgment, issued for the purpose of filing in the
   office of the county clerk, need not recite jurisdictional facts.   Its purpose
   is simply to officially inform the clerk of the date and amount of the judg-
   ment, the parties thereto, and the name of the justice rendering it.

Appeal from Niagara county court.

In the matter of the application of George F. Thompson for the
distribution of surplus moneys arising under a sale in foreclosure
in Potter against Rising and others, Simeon N. Humphrey and Emma
J. Rising filed claims.   From an order of the county court directing
the payment of the surplus pursuant to the report of a referee, Simeon
N. Humphrey appeals.   Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

John T. Murray, for appellant.
D. E. Brong, for respondent.

FOLLETT, J. The only contest between the claimants arises over the validity of the judgment recovered by the respondent against the owner of the mortgaged premises in a justice's court on the 1st day of April, 1897, by confession. If this judgment is valid, it is a lien upon the surplus prior to the judgment recovered April 23, 1897, by the appellant against the owner of the mortgaged premises. April 1, 1897, a judgment was rendered in a justice's court, on a confession, in favor of Emma J. Rising, and against Eley C. Rising, for $499.10, and a transcript thereof issued, which on the same day was filed in the office of the clerk of the county of Niagara, who thereupon entered and docketed the judgment in his office. When the confession was completed, the justice immediately entered the judgment, and all the particulars thereof, in his minutes, but did not record the judgment in his docket book until April 3, 1893, when it was duly entered therein, and the entry signed by the justice. It is contended by the learned counsel for the appellant that the judgment is void because it was not entered in the docket book until two days after it was confessed. The Code of Civil Procedure provides:

"Sec. 3015. Where the plaintiff is nonsuited, or discontinues or withdraws the action; or where judgment is confessed, or a verdict is rendered, * * * the justice must forthwith render judgment, and enter it in his docket book."

This section is substantially a re-enactment of section 124 of article 8 of chapter 2 of part 3 of the Revised Statutes. 2 Rev. St. p. 247. Under the Revised Statutes, it was held by the supreme court (Hall v. Tuttle, 6 Hill, 38), and twice by the court of appeals (Walrod v. Shuler, 2 N. Y. 134, and Fish v. Emerson, 44 N. Y. 376), that in case a justice entered a judgment in his minutes, but failed to record it in his docket for several days, the judgment is nevertheless valid. In the case last cited a justice entered a judgment in his minutes of trial June 30, 1863, and afterwards issued a transcript, which was filed August 8, 1863, in the office of the clerk of the county where the judgment was docketed. An execution was issued on the judgment out of the county court, returned unsatisfied, and supplementary proceedings were begun. The defendant moved to set aside the judgment of the county court on the ground that a judgment had not then (more than a month after its recovery) been entered in the docket of the justice, which motion was denied. It was held that the entry of the judgment in the minutes of the justice, and the transcript issued thereon and filed in the office of the clerk of the county, were sufficient to authorize him to docket a judgment which became a valid judgment of the county court. The other cases cited are equally pertinent to the question discussed, and are decisive of the case at bar.

It is also contended that the transcript is insufficient because it is not recited therein that the judgment was recovered on a confession, as a justice has no jurisdiction to render a judgment, except by confession, for $499.10. It cannot, I think, be successfully contended that a transcript of a judgment issued for the purpose of filing in the office of the county clerk must recite facts showing that the justice had jurisdiction of the parties or of the subject-matter. If such is the rule, the transcript must show service upon the defendant, and that he was a resident of the county, or was within the county, when served.

51 N.Y.S.—25

The purpose of the transcript is simply to inform the county clerk officially of the date, amount of the judgment, the parties thereto, and the name of the justice by whom rendered. A transcript need not recite the jurisdictional facts. Dickinson v. Smith, 25 Barb. 102; Belgard v. McLaughlin, 44 Hun, 557.

The order should be affirmed, with costs to the respondent and' against the appellant. All concur.