In the Matter of the Application of GEORGE F. THOMPSON for the Distribution of Surplus Moneys Arising under a Sale in Fore-closure in FRANK P. POTTER, Plaintiff, *v.* ELEY C. RISING, EMMA J. RISING, his Wife, HATTIE HOTALING and EVANGELINE ACKER-SON, as Executrices, etc., of J. W. HOTALING, Deceased, and GEORGE F. THOMPSON, Defendants.

SIMEON N. HUMPHREY, Claimant, Appellant; EMMA J. RISING, Claimant, Respondent.

*Justice's judgment by confession — its docket as a County Court judgment — the transcript need not recite jurisdictional facts.*

The entry of a judgment of a justice of the peace in the minutes of the justice, and the issuing of a transcript thereon, and the filing of such transcript in the office of the clerk of the county, although the judgment is not recorded until afterwards in the justice's docket, are sufficient to authorize such clerk to docket the judgment, which, thereupon, becomes a valid judgment of the County Court.

It is not necessary that the transcript should recite that the judgment was recovered on a confession, in order to show facts to establish jurisdiction on the part of the justice over the parties and over the subject-matter.

A transcript need not recite the jurisdictional facts.

APPEAL by the claimant Simeon N. Humphrey from an order of the County Court of Niagara county, entered in the office of the clerk of the county of Niagara on the 1st day of November, 1897, confirming the report of a referee appointed in proceedings for the distribution of surplus moneys arising on the foreclosure of the mortgage foreclosed in the above-entitled action, and directing the payment of such surplus moneys pursuant to such report.

*John T. Murray*, for the appellant.

*D. E. Brong*, for the respondent.

FOLLETT, J. :

The only contest between the claimants arises over the validity of the judgment recovered by the respondent against the owner of the mortgaged premises, in a Justice's Court, on the 1st day of April, 1897, by confession. If this judgment is valid, it is a lien upon the

surplus prior to the judgment recovered April 23, 1897, by the appellant against the owner of the mortgaged premises.

April 1, 1897, a judgment was rendered in a Justice's Court, on a confession, in favor of Emma J. Rising and against Eley C. Rising for $499.10, and a transcript thereof issued, which, on the same day, was filed in the office of the clerk of the county of Niagara, who thereupon entered and docketed the judgment in his office. When the confession was completed, the justice immediately entered the judgment and all the particulars thereof in his minutes, but did not record the judgment in his docket book until April 3, 1893, when it was duly entered therein, and the entry signed by the justice. It is contended by the learned counsel for the appellant that the judgment is void because it was not entered in the docket book until two days after it was confessed.

The Code of Civil Procedure provides:

"§ 3015. Where the plaintiff is nonsuited, or discontinues or withdraws the action, or where judgment is confessed, or a verdict is rendered * * * the justice must forthwith render judgment and enter it in his docket book."

This section is substantially a re-enactment of section 124 of article 8 of chapter 2 of part 3 of the Revised Statutes. (2 R. S. 247.) Under the Revised Statutes, it was held by the Supreme Court (*Hall* v. *Tuttle*, 6 Hill, 38) and twice by the Court of Appeals (*Walrod* v. *Shuler*, 2 N. Y. 134; *Fish* v. *Emerson*, 44 id. 376), that in case a justice entered a judgment in his minutes, but failed to record it in his docket for several days, the judgment is, nevertheless, valid. In the case last cited a justice entered a judgment in his minutes of trial June 30, 1863, and afterwards issued a transcript which was filed August 3, 1863, in the office of the clerk of the county where the judgment was docketed. An execution was issued on the judgment out of the County Court, returned unsatisfied, and supplementary proceedings were begun. The defendant moved to set aside the judgment of the County Court on the ground that a judgment had not then (more than a month after its recovery) been entered in the docket of the justice, which motion was denied. It was held that the entry of the judgment in the minutes of the justice and the transcript issued thereon and filed in the office of the clerk of the county, were sufficient to authorize him to docket a judgment which

became a ·valid judgment of the County Court. The other cases cited are equally pertinent to the question discussed and are decisive of the case at bar.

It is also contended that the transcript is insufficient, because it is not recited therein that the judgment was recovered on a confession, as a justice has no jurisdiction to render judgment, except by confession, for $499.10. It cannot, I think, be successfully contended that a transcript of a judgment issued for the purpose of filing in the office of the county clerk must recite facts showing that the justice had jurisdiction of the parties or of the subject-matter. If such is the rule, the transcript must show service upon the defendant and that he was a resident of the county, or was within the county when served. The purpose of the transcript is simply to inform the county clerk officially of the date, amount of the judgment, the parties thereto, and the name of the justice by whom rendered. A transcript need not recite the jurisdictional facts. (*Dickinson* v. *Smith*, 25 Barb. 102; *Belyard* v. *McLaughlin*, 44 Hun, 557.)

The order should be affirmed, with costs to the respondent and against the appellant.

All concurred.

Order affirmed, with costs.